UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUDOLPH JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO:     13-0755** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION: "C" (4)** |

### REPORT AND RECOMMENDATION

### I.     Introduction

This is an action for judicial review of a final decision of the Commissioner of Social Security pursuant to Title 42 United States Code § 405(g).  The Commissioner denied Rudolph Johnson's eligibility for benefits under the Social Security Act.

The matter was referred to the undersigned United States Magistrate Judge pursuant to Title 28 United States Code § 636(b), for the submission of Proposed Findings and Recommendations.

### II.     Procedural Background

On April 12, 2013, Rudolph Johnson filed an exparte / consent motion to proceed in forma pauperis, which was granted by this Court on April 16, 2013.[1]  On April 17, 2013, this Court issued a Scheduling Order which required the plaintiff to file a brief in support of his claims within forty (40) days of the defendant filing an Answer.[2]  The record indicates that summons were issued on April 17,

---

[1] R. Docs. 1 & 2.

[2] R. Doc. 5.

2013, to the Social Security Administration, U.S. Attorney General, and the U.S. Attorney.[3] There has been no proof of service filed in the record.

Thereafter, on September 10, 2013, the undersigned issued a Show Cause Order requiring the plaintiff to show cause on or before September 25, 2013, by written memorandum or motion, as to why service of process has not been effected upon the Defendant.[4]  The Order also notified the plaintiff that a failure to comply may result in the dismissal of his claims.  Nevertheless, the plaintiff failed to comply as no response to the Show Cause Order was filed.

### III.	Analysis

Rule 4(m) of the Federal Rules of Civil Procedure requires that the plaintiff serve the defendant with the complaint within 120 days of its filing. *See* FED. R. CIV. P. 4(m).  The plaintiff, Rudolph Johnson, filed suit against the Social Security Administration on April 16, 2013, and allegedly issued summons on April 17, 2013.[5]   Rudolph Johnson never filed proof of service into the record.

Thus, on September 10, 2013, the undersigned issued a Show Cause Order, requiring Plaintiff to show cause on or before September 25, 2013, by written memorandum or motion, as to why service of process has not been effected upon the Defendant.[6] The undersigned also unambiguously advised that failure to comply with this Order could result in dismissal without further notice.  The plaintiff, however, failed to respond as directed.

---

[3]R. Doc. 4.

[4]R. Doc. 6.

[5]*See* R. Docs. 3, 5.

[6]R. Doc. 6.

**III.    Recommendation**

**IT IS RECOMMENDED** that the plaintiff's claims against the Social Security Administration be **DISMISSED WITHOUT PREJUDICE** for failing to comply with the Show Cause Order issued by the United States Magistrate Judge on September 10, 2013.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[7]

New Orleans, Louisiana, this 8th day of October 2013.

  KAREN WELLS ROBY
  UNITED STATES MAGISTRATE JUDGE

---

[7] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.